## THE CAYO MAMBI.

### CUBAN AMERICAN SUGAR CO. v. CAYO MAMBI S. S. CORPORATION et al.

#### No. 10199.

District Court, E. D. New York.

July 8, 1932.

Single & Hill, of New York City (Robert E. Hill and Douglas D. Crystal, both of New York City, of counsel), for libelant.

Lord, Day & Lord, of New York City, for respondents Cunard S. S. Co. and Thos. and Jno. Brocklebank.

Hunt, Hill & Betts, of New York City, for Cayo Mambi S. S. Corporation, Atlantic Fruit & Sugar Corporation, and Atlantic Navigation Corporation.

MOSCOWITZ, District Judge.

This case was submitted on the following stipulation of facts:

"1. At all the times herein mentioned The Cunard Steam Ship Company, Ltd. was and now is a corporation organized and existing under and by virtue of the laws of the King-dom of Great Britain, with an office and place of business at #25 Broadway, New York City, and is the 'Cunard Steam Ship Company, Ltd.' referred to in the bill of lad-ing attached hereto, marked Exhibit 'A.' At all the times herein mentioned, Thos. and Jno. Brocklebank, Ltd. was and now is a cor-poration organized and existing under and by virtue of the laws of the Kingdom of Great Britain, and has appeared in this suit and is the owner of the SS 'Maihar,' a general ship engaged in the common carriage of merchan-dise by sea for hire.

"2. On or about the 18th day of Septem-ber, 1926, at the port of Calcutta, India, George Henderson & Company Ltd. deliv-ered to the S. S. 'Maihar' 105 bales of gunnies in good order and condition, and the SS 'Mai-har' thereupon received the said 105 bales of gunnies and issued a bill of lading therefor, a copy of which is attached hereto, and marked Exhibit 'A.'

"3. That thereafter the said SS 'Maihar' arrived in New York and delivered the said shipment to The Cunard Steam Ship Compa-ny, Ltd. as provided in said bill of lading (Exhibit 'A'). Thereafter on about Novem-ber 11, 1926 said The Cunard Steam Ship Company, Ltd. delivered said 105 bales of gunnies in good order and condition to the Atlantic Navigation Corporation and to the SS 'Cayo Mambi' as common carriers for transportation to Cuba, and said Atlantic Navigation Corporation and said SS 'Cayo Mambi' received and accepted said 105 bales of gunnies and agreed to transport said bales from the port of New York to the port of Chaparra, Cuba, and there to discharge and deliver them in the same good order and condition as when shipped.

"4. That said Atlantic Navigation Cor-poration and the said SS 'Cayo Mambi' is-sued to respondent, The Cunard Steam Ship Company, Ltd. a bill of lading covering said shipment from New York to Cuba, copy of which bill of lading is attached hereto, marked Exhibit 'B' and made a part hereof. Said Exhibit 'B' was the regular form of lo-cal bill of lading issued by the agents of such steamer. Said Atlantic Navigation Corpora-tion was regularly engaged in the common carriage of goods by sea between New York and Cuba.

"5. That thereafter the said 105 bales of gunnies ultimately reached their destination at Niquero (Chaparra) Cuba on or about the 19th, 20th and 21st days of November, 1926, and were delivered to the libellant, but not in the same good order and condition as when shipped, but, on the contrary, seriously in-jured and damaged by reason of having come in contact with sea water and other damag-ing substances while on board SS 'Cayo Mambi.'

"6. Prior to arrival of the shipment at destination, libellant became the holder for value of the bill of lading attached hereto and marked Exhibit 'A.'

"7. That the damage to the aforesaid shipment was due to the unseaworthiness of the SS 'Cayo Mambi.'

"8. The bill of lading marked Exhibit 'A' contained the following clause:

"'It is mutually agreed, that unless a higher value be stated herein, and an in-creased freight rate specially arranged there-for, the value of the merchandise hereby re-ceipted for does not exceed the sum of ten pounds sterling per cubic foot for measure-ment goods, or ten pounds per hundred-weight for weight goods nor the sum of One Hundred Pounds sterling for any single pack-age and that the freight has been adjusted on such valuation and no oral declaration or agreement shall be evidence of a different provision or of a waiver of this clause. In the event of any liability being adjudged against the steamer or Owners, in respect of the merchandise, no value shall be placed on such merchandise, higher than as above nor higher than the invoice cost or such other value as may be expressly stated therein, nor shall the shipowner be held liable for any profits or consequential or special dam-

ages and the shipowner shall have the option of replacing any lost or damaged goods.'

"9. That the bill of lading issued by the SS 'Cayo Mambi' and the Atlantic Navigation Corporation to respondents, Cunard Steamship Company, Ltd., and Thos. and Jno. Brocklebank, Ltd. contained the following clause:

" 'That unless a higher value be stated herein the value of the property hereby receipted for does not exceed $100. per package nor $8.00 per cubic foot, and that the freight thereon has been adjusted on such valuation,· and no oral declaration or agreement shall be evidence of a different valuation. In computing any liability of the carrier, as carrier or otherwise, in respect of said property, no value shall be placed thereon higher than the invoice cost not exceeding $100. per package nor $8.00 per cubic foot (or such other value as may be stated herein) nor shall the carrier be held liable for any profits or increase of price or value over such invoice cost not exceeding said value. Neither the carrier nor the ship shall be responsible under any circumstances for special or consequential damages or loss of profits which the shippers might sustain in connection with the goods shipped hereunder, regardless of any notification by the shippers of special circumstances, such as a contract of resale of the goods, etc., unless a special rate of freight is agreed upon, and the carrier shall always have the option of replacing any lost or damaged goods.'

"10. The only authority of SS 'Maihar' and/or said respondents, The Cunard Steam Ship Company, Ltd., and Thos. and Jno. Brocklebank, Ltd., to accept the bill of lading (Exhibit 'B') as the contract of carriage from New York to Cuba is contained in Exhibit 'A.'

"11. The sound value of the libellant's cargo at destination was $13,400.

"12. The libellant has received from SS 'Cayo Mambi' on account of said damage the sum of $8,724.36.

"13. The libellant has received on the sale of said bales in damaged condition the net sum of $1,775.64."

The through bill of lading which libelant purchased had a valid limitation of value clause, which agreed that the value of a single package did not exceed 100 pounds Sterling, and the freight was adjusted on this agreed valuation.

The bill of lading issued by the Atlantic Navigation Corporation to the Cunard Steamship Company, Limited, contained a valid limitation of value clause, which agreed that the value of each package did not exceed $100, and that the freight had been adjusted on such valuation.

The only authority which respondents had to accept the bill of lading as issued by the Atlantic Navigation Corporation is the following provision in the through bill of lading: "The goods to be carried to the ultimate destination subject to the terms and conditions to the local bill of lading issued by the agents of such steamer or steamers."

The question presented is: Did the respondent have authority to accept a bill of lading which contained an agreed valuation clause for a sum smaller than the valuation clause contained in the through bill of lading.

█ █ The libelant should recover its damage of $2,900, as, in good faith, it purchased the through bill of lading issued by the respondents which contained an agreed valuation clause not to exceed 100 pounds per package. Libelant did not see the bill of lading issued by the Atlantic Navigation Corporation to the Cunard Steamship Company, Limited, which contained a limitation of damages not to exceed $100 for a single package. Due to this limitation of $100 contained in the bill of lading issued by the Atlantic Navigation Corporation to the Cunard Steamship Company, Limited, libelant cannot recover the full amount of its damage from the Atlantic Navigation Corporation, whose fault caused the damage, as between the second carrier, the steamship Cayo Mambi, and libelant, the undertaking and liability of the second carrier are measured by the terms of its own contract. Reid v. Fargo, 241 U. S. 544, 36 S. Ct. 712, 60 L. Ed. 1156; The St. Hubert (C. C. A.) 107 F. 727.

The local bill of lading contained a limitation for liability of $100. A declaration of greater value than the $100 per package could have been provided in the "terms and conditions of the local bill of lading." It is very common to state excess values in shipments. The local bill of lading provides for a declaration of excess value. The excess value should have been declared by the respondents. It had no authority to accept a bill of lading with a lesser valuation clause than its own, that is especially so when the valuation is less than the actual value of the goods.

The only case submitted on this question is Reid v. Fargo, supra. While there is some difference between Reid v. Fargo, supra, and the case at bar, the principle is not unlike. In Reid v. Fargo, Reid delivered in London

to the American Express Company an automobile, to be carried to New York. In a communication to the express company concerning the shipment, the express company was informed that the automobile was worth about $3,900. The automobile was carried by the express company by rail and forwarded to Southampton and there delivered to the steamship Minnewaska, a steamship of the International Mercantile Marine Company. The express company shipped the automobile in its own name and no express notice was given to the ship of the real value of the package and its contents. The bill of lading issued by the steamship company had a $100 limitation clause.

Upon arrival in New York, a stevedore company in discharging the automobile negligently caused serious damages. Reid filed a libel against the express company, which brought in the steamship company and the stevedore as parties. The Supreme Court decided that the express company was liable for the damages.

In the case at bar the freight had been adjusted on the agreement that the value of a single package did not exceed 100 pounds Sterling. Respondents received a freight rate accordingly. No doubt the freight rate would have been less had the value been not to exceed $100 instead of 100 pounds Sterling.

It does not seem reasonable that the shipper can tranship packages at a lesser valuation and no doubt at a smaller freight rate, and then when damage occurs relieve itself from liability.

The respondents, the Cunard Steamship Company, Limited, and Thos. and Jno. Brocklebank, Limited, had no authority to accept the bill of lading with a valuation less than 100 pounds. Libelant is therefore entitled to recover its damages.

Decree for libelant. Settle findings and decree on notice.